IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NEW NV CO., LLC, dba
WAYNE HOMES,
        Plaintiff,

vs.                                                Civil Action 2:08-CV-948

                                                    Magistrate Judge King

ALLEN HIBBERT LAND COMPANY,
*et al.*,
        Defendants.

**OPINION AND ORDER**

      This is an action for copyright infringement, 17 U.S.C. §101 *et seq.,* false designation of origin under 15 U.S.C. §1125, O.R.C. §4165.02 and unjust enrichment in connection with the construction of a residence for the Prater defendants. With the consent of the parties, *see* 28 U.S.C. §636(c), this matter has been transferred for disposition to the docket of the undersigned.

      The Prater defendants filed a motion to dismiss under F.R. Civ. P. 12(b)(1) and 12(b)(6). *Defendants Troy and Cindy Prater's Motion to Dismiss Complaint*, Doc. No. 10 ("*Praters' Motion to Dismiss*"). Thereafter, plaintiff filed a motion seeking a voluntary dismissal without prejudice. *Notice of and Motion for Voluntary Dismissal of Plaintiff's Complaint Without Prejudice*, Doc. No. 18 ("*Plaintiff's Motion*"). Defendants Allan Hibbert Land Company and American Heritage Homes Corporation agreed to the voluntary dismissal. *Id*. However, the Praters oppose plaintiff's motion, arguing that plaintiff's dismissal should be with prejudice because plaintiff "is seeking to avoid the effect of a 12(b)(6) motion to dismiss, an adjudication on

the merits that results in dismissal with prejudice." Doc. No. 19.

Plaintiff contends that its motion for voluntary dismissal without prejudice should be granted because little or no discovery has occurred and because a jurisdictional matter must be cured. *Response to Defendants Praters' Motion to Dismiss Without Prejudice*, Doc. No. 20. Anticipating the filing of a new action based on the same facts and claims, plaintiff represents that it will stipulate to answers already filed in this case and to the current case schedule. *Id*.

Once an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action only upon stipulation or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court is vested with broad discretion in considering a motion to voluntarily dismiss and may fashion a remedy so as to avoid prejudice to other parties. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The primary purpose of the required prior court approval is to protect a party from unfair prejudice. *Summerville v. Ross/Abbott Laboratories*, 187 F.3d 638 (table), 1999 U.S. App. LEXIS 21009, 1999 WL 623786, at *17 (6th Cir. 1999). The decision to permit a voluntary dismissal is improper only where a defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover*, 33 F.3d at 718. However, such prejudice does not result from the mere prospect of a second lawsuit. *Id*. In *Grover*, the United States Court of Appeals for the Sixth Circuit identified four factors relevant to the determination whether plain legal prejudice will result from the voluntary dismissal: (1) the amount of time, effort and expense the defendant has incurred in trial preparation; (2) any excessive delay and lack of

diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Id.*

The Praters have incurred time, effort and expense in connection with this litigation: at the time *Plaintiff's Motion* was filed, the *Praters' Motion to Dismiss* had already been prepared and filed[1] and the Praters represent that they "have lost money on the house at issue." Plaintiff represents that it "must cure a jurisdictional matter prior to proceeding" as its reason for seeking to voluntarily dismiss the action.

This Court concludes that the factors present in this case warrant some condition on plaintiff's request to voluntarily dismiss the action in order to alleviate the prejudice that would accrue to the Prater defendants should plaintiff choose to institute new litigation after the dismissal of this action. Should plaintiff file a new action based on the same facts and claims asserted in this action, plaintiff will be required to pay to defendants Troy and Cindy Prater any costs, including attorney's fees, caused by the dismissal and re-filing of the action.

**WHEREUPON**, *Notice of and Motion for Voluntary Dismissal of Plaintiff's Complaint Without Prejudice*, Doc. No. 18, is **GRANTED** in conformity with this *Order*.

This action is hereby **DISMISSED without prejudice**. The Clerk

---

[1] When plaintiff failed to respond to the *Praters' Motion to Dismiss* within rule, the Court ordered plaintiff to respond. *Order*, Doc. No. 17. The next day, *Plaintiff's Motion* was filed. Plaintiff's subsequent response to the *Praters' Motion to Dismiss* addressed only its motion to voluntarily dismiss the action without prejudice.

shall remove all motions pending in this case from the Court's pending motions list.


May 28, 2009                             s/Norah McCann King
                                        Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge